United States District Court
Southern District of Texas
**ENTERED**
May 11, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAMBER ENERGY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1436 |
| | § | |
| DISCOVER GROWTH FUND, and FIFTH THIRD SECURITIES, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Camber Energy, Inc. ("Camber"), filed Camber Energy, Inc.'s Petition and Request for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction ("Petition") (Docket Entry No. 1) followed by Camber Energy, Inc.'s Emergency Motion for Temporary Restraining Order ("Motion for TRO") (Docket Entry No. 7). For the reasons stated below, Camber's requests for a temporary restraining order ("TRO") will be denied.

On May 10, 2017, Camber repeated its *ex parte* request for a TRO and other injunctive relief to prevent defendants Discover Growth Fund ("Discover") and Fifth Third Securities, Inc. ("Fifth Third"), "their agents, subsidiaries, predecessors, successors, partners (both general and limited), officers, directors, employees, representatives, assigns, affiliates and anyone or any entity acting in concert with them directly and indirectly . . .

from converting/exercising the Securities of Camber, selling Camber shares and from shorting or pledging Camber shares."[1]

> To obtain a temporary restraining order or preliminary injunction, a plaintiff must establish the following elements by a preponderance of the evidence: (1) there is a substantial likelihood of success on the merits; (2) there is a substantial threat that irreparable injury will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) granting the preliminary injunction will not disserve the public interest.

Khan v. Fort Bend Independent School District, 561 F. Supp. 2d 760, 763 (S.D. Tex. 2008) (citing Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 335 F.3d 357, 363 (5th Cir. 2003)).

Camber has not established a substantial likelihood of success on the merits. Although Camber need not prove its case in order to obtain injunctive relief, it must at least allege facts that, if true, establish a substantial likelihood of success on the merits. Camber essentially alleges that it failed to adequately scrutinize its agreements with Discover before signing them and then, when confronted with an unfavorable interpretation of those agreements in November of 2016, acceded to Discovery's interpretation in exchange for additional funds. Accepting as true Camber's alleged

---

[1] Proposed Temporary Restraining Order and Order Setting Hearing for Preliminary Injunction ("Proposed TRO"), Docket Entry No. 7-4, p. 2.

-2-

facts, Camber has not shown a substantial likelihood of success on the merits.

Assuming arguendo that Camber had shown a substantial likelihood of success on the merits, Camber has not shown a substantial threat that irreparable injury will result if the injunction is not granted. Camber alleges that unless the court intervenes it faces delisting of its stock from the New York Stock Exchange ("NYSE") and being put out of business. The court has considered Camber's request in light of the timing of the motion, the relationship between the parties, the threat that Camber describes, and whether any alleged injury is irreparable. The timing of Camber's motion casts doubt on its alleged urgency. Camber filed a fifty-page Petition supported by an affidavit signed on May 5, 2017. These filings required time to prepare, yet there is no evidence that Camber attempted to notify Defendants in an attempt to avert the alleged disaster. A TRO is an equitable remedy, and one who seeks equity must do equity, which in this instance includes fulfilling one's obligation to communicate with adverse parties. More importantly, the facts giving rise to Camber's imminent danger have been known since, at the latest, November of 2016 when Discover made Camber aware of its interpretation of the agreements between the parties. Camber's stock-price has been declining since late 2016 and has already fallen below the threshold at which it alleges that it faces

delisting. It is therefore unclear what effect, if any, a TRO might have in preventing the alleged injury. Finally, Camber alleges that it faces irreparable injury but does not explain why damages would not be sufficient to redress the alleged harm. Although delisting may irreparably injure some companies, the Fifth Circuit has explicitly stopped short of holding that delisting from the NYSE is an irreparable injury as a matter of law. <u>Gearhart Indus., Inc. v. Smith International, Inc.</u>, 741 F.2d 707, 726 (5th Cir. 1984). Camber does not explain why delisting would result in irreparable injury beyond its conclusory allegation that being delisted would put Camber out of business.

Camber does not even begin to assess whether the threatened injury outweighs the threatened harm to Defendants. Instead, Camber offers this cursory assertion: "Discover has already profited from the deception and fraud and thus no actual harm comes to Discover."[2] Camber does not address what impact, if any, granting the TRO would have on the public interest.

These considerations heighten the court's general skepticism of TRO requests that do not comply with Federal Rule of Civil Procedure 65(b)(1), which states:

> (b) Temporary Restraining Order.
>
> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

---

[2]Plaintiff's Motion for TRO, Docket Entry No. 7, p. 28 ¶ 61.

>   (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>   (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In its Petition, Camber made no attempt to comply with the notice requirements of Rule 65(b)(1)(B). In its Motion for TRO, Camber states that it sent Defendants its Petition and accompanying filings on May 9, 2017, the same day they were filed, and that it sent copies of its Motion for TRO to Defendants the following day.[3] Camber then states that "[c]ounsel for movant has called and emailed [Discover's principal] Mr. Kirkland but has not received a call back. As the parties have not yet communicated on an agreement, Court intervention is necessary."[4] A failure to communicate or for an adverse party to respond to same-day requests for communication is not a reason why notice should not be required. Considering the fact, discussed above, that Camber has been preparing its filings since at least May 5, 2017, the court can think of no reason why notice should not be required.

Camber has failed to meet its burden to show that a TRO is warranted and failed to comply with the notice requirements of Rule 65(b)(1)(B). An <u>ex parte</u> injunction is an extraordinary remedy. Neither in its Petition and Request for Temporary Restraining

---

[3] <u>Id.</u> at 31.

[4] <u>Id.</u>

Order, Preliminary Injunction and Permanent Injunction (Docket Entry No. 1) nor in its Emergency Motion for Temporary Restraining Order (Docket Entry No. 7) has Camber provided sufficient support for such relief.  Accordingly, Camber's requests for a TRO are **DENIED**.  If Camber still believes it is entitled to injunctive relief, it may seek expedited discovery to support an amended request for a preliminary injunction.

**SIGNED** at Houston, Texas, on this 11th day of May, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE